

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2006

# USA v. Shusterman

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3904

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Shusterman" (2006). *2006 Decisions.* Paper 906.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/906

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3904
_____

UNITED STATES OF AMERICA

v.

BETTY SHUSTERMAN,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02:CR-225-2)
District Judge:  Honorable Anita B. Brody
_____

Submitted Under Third Circuit LAR 34.1(a)
June 13, 2006

Before:  FISHER, ALDISERT, and LOURIE,[*] Circuit Judges.

(Filed:    June 13, 2006)
_____

OPINION OF THE COURT
_____

_____

[*]Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit, sitting by designation.

LOURIE, Circuit Judge.

Betty Shusterman ("Shusterman") appeals from the District Court's decision sentencing her to 51 months of imprisonment and ordering her to pay $1.3 million in restitution for conspiracy to commit bank fraud and mail fraud, bank fraud, mail fraud, tax evasion, and making false statements on income tax returns. Because the District Court properly made factual findings that were supported by a preponderance of the evidence that enhanced the term of Shusterman's sentence, and the sentence was reasonable, we will affirm.

Shusterman was formerly the bookkeeper for Temple Sinai, a synagogue in Montgomery County, Pennsylvania. The crimes that Shusterman were convicted of, inter alia, involved writing checks on the temple's primary bank account, giving the checks to Barry Wilf ("Wilf"), her accomplice and co-defendant, and having him deposit the checks into a secondary Temple Sinai bank account that Wilf actually controlled, after which he withdrew the funds for their personal use. In addition, Shusterman and Wilf engaged in fraudulent bookkeeping in order to conceal their scheme, viz., entering false explanations for the checks issued from the temple's primary account and deposited into the secondary account. Shusterman and Wilf were also accused of taking donations to the temple and directly depositing them into the secondary account. Shusterman was also accused of taking "retirement" payments from the temple's operating account in addition to her regular salary even though she was not entitled to any retirement or pension from the temple.

2

On April 11, 2002, Shusterman was indicted for her part in the alleged scheme to defraud Temple Sinai and the federally insured banks that were involved. Shusterman was also charged with evading personal federal income taxes. On September 30, 2003, a jury returned a guilty verdict on all 46 counts presented against her, consisting of conspiracy to commit bank fraud and mail fraud (one count), bank fraud (one count), mail fraud (34 counts), tax evasion (five counts), and making false statements on income tax returns (five counts).

On May 25, 2004, the District Court sentenced Shusterman to 51 months of imprisonment and ordered her to pay $1.3 million in restitution. In reaching that sentence, the Court determined that Shusterman's base offense level for fraud was 6, which was increased by 11 levels because of a loss of between $800,000 and $1.5 million. The Court further enhanced Shusterman's offense level by 2 levels because more than minimal planning was involved in carrying out the crimes, another 2 levels because the offense involved a religious organization, and another 2 levels for abuse of trust. Combined with her tax-related offenses, the Court determined that Shusterman's final total offense level was 24. As a defendant with a criminal history in category I, the sentencing range for Shusterman's offenses under the United States Sentencing Guidelines ("Guidelines") is 51-63 months.

Shusterman appealed her sentence and, following the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), this Court remanded for resentencing. On August 12, 2005, after conducting a second sentencing hearing, the

3

District Court reimposed the same sentence of 51 years imprisonment, a term of supervised release of five years, restitution in the amount of $1.3 million, and a special ssessment of $4,600. Shusterman timely appealed her sentence, and we have jurisdiction pursuant to 18 U.S.C. § 3742(a).

On appeal, Shusterman does not challenge the sufficiency of the jury's guilty verdict. Nor does she dispute that the District Court's factual findings leading to enhancement of her prison sentence were supported by a preponderance of the evidence. Rather, she assigns error to the Court for engaging in any fact finding at all to enhance her prison sentence, which she asserts should have been made by a jury beyond a reasonable doubt, viz., the amount of loss caused by the fraud, whether she engaged in more than minimal planning, and whether she abused a trust. According to Shusterman, the Court's factual findings violated her Sixth Amendment rights. Shusterman contends that the Court should have presented those factual questions to a jury in the form of special interrogatories.

We agree with the government that a sentencing court may make factual findings supported by a preponderance of the evidence relevant to sentencing enhancements, as the District Court did here. In United States v. Miller, 417 F.3d 358, 362 (3d Cir. 2004), we noted that the district court in that case, as here, engaged in "a fair amount of judicial fact finding" in enhancing the defendant's prison sentence. Nonetheless, we determined that there was no legal error in the sentencing court's fact finding, so long as, inter alia, the court recognized that the Guidelines were advisory rather than mandatory, pursuant to

4

United States v. Booker, 543 U.S. 220 (2005).  Miller, 417 F.3d at 362-63; see also

United States v. Cooper, 437 F. 3d 324, 330 (3d Cir. 2006) (stating "[a]s before Booker,

the standard of proof under the guidelines for sentencing facts continues to be

preponderance of the evidence").  Thus, the District Court did not violate Shusterman's

Sixth Amendment rights by not specifically submitting the enhancement factors for

consideration by a jury.  Shusterman does not otherwise contend that the District Court

erred in its consideration of the Guidelines or the sentencing factors under 18 U.S.C.

§ 3553(a).

Accordingly, we will affirm the District Court's decision sentencing Shusterman to

51 months of imprisonment, a term of supervised release of five years, restitution in the

amount of $1.3 million, and a special assessment of $4,600.

5